UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:15-CR-124-PPS-JEM |
| ) | |
| ROBERT BATTLE, ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

In a comprehensive opinion and order entered September 14, 2022, I denied a petition for compassionate release or a reduction of sentence filed by Defendant Robert Battle. [DE 79; *see* DE 69.] The details of Battle's petition and the basis for my denial of relief are fully set forth in that opinion and need not be reiterated for present purposes. In sum, I denied Battle relief under 18 U.S.C. § 3582(c)(1) because he failed to identify any extraordinary and compelling reasons warranting his early release based on his exposure to COVID-19 while incarcerated.

Over eight months later, in May 2023, Battle filed a motion to submit a reply brief in support of his original motion for compassionate release on the basis of excusable neglect [DE 80], as well as a motion for reconsideration of my initial opinion and order [DE 81]. Battle asserts that he received the government's response brief on August 16, 2022, and subsequently (it's not clear when) filed a motion for an extension of time to file a reply and a reply brief. [DE 80 at 2.] Neither of those filings made their way to the public docket. Battle tells me that he received a copy of my decision "five days" after it

was entered. *Id.* He claims that the filings were not properly filed on the public docket through no fault of his own, and that this miscue led me to rule on his petition without the benefit of the arguments raised in his reply brief. The motion for reconsideration is based entirely on the arguments in his reply brief. [DE 81.] Essentially, Battle asserts that my failure to address the arguments in his late-filed reply brief renders my prior opinion legally erroneous. *See* Fed. R. Civ. P. 59(e); *Solis v. Current Development Corp.*, 557 F.3d 772, 780 (7th Cir. 2009); *United States v. Ligas*, 549 F.3d 497, 501 (7th Cir. 2008); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571–72 (7th Cir. 2006).

I will credit Battle's averment that the late filing of his reply was the product of excusable neglect and grant him leave to file his reply brief. [DE 80; DE 82.] However, consideration of his reply brief does nothing to change the calculus on his motion for compassionate release. For starters, the motion for reconsideration was filed in May 2023, many months after Battle received notice of my underlying decision. While Battle claims he placed a copy of the motion in the prison mailbox no later than October 12, 2023, the motion is dated May 23, 2023, and there is nothing to support the conclusion that it was actually submitted at an earlier date. The "Certificate of Service" appended to the motion is left undated. [DE 81 at 6.]

Even assuming that the motion was timely filed, which appears doubtful on the record presented, the reply does not present any new argument warranting reconsideration of my prior decision. Without addressing every specific argument in the reply brief (of which there are many), as I have already explained, the Seventh Circuit

2

has made clear that the existence of COVID-19 in the prison system is not an extraordinary and compelling reason for compassionate release where an inmate, like Battle here, has declined a vaccination without adequate medical justification. [DE 79 at 4–6.] Battle's reply asserts that there is "nothing in law that would require [him] to obtain a COVID vaccine in order to pass a threshold for potential relief," but that is simply not the case. In this context, the circuit has spoken clearly and rejected claims that practically mirror Battle's here. And I am bound to follow that clear authority.

The reply also reiterates Battle's (somewhat convoluted) argument that the Bureau of Prisons has failed to meet its statutory obligation to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). I took up the thrust of these arguments—that BOP's deficient response to the pandemic, including measures taken at FMC Lexington where Battle is incarcerated, form extraordinary and compelling reasons justifying his early release—and rejected them on the merits. [DE 79 at 7–8.] Battle's reply does not submit any additional evidence in support of his blunderbuss critique of BOP's supposed systemic failure to protect inmates from exposure to COVID-19 in the prisons where he has been incarcerated.

Finally, I reiterate that even if I were persuaded that Battle had shown extraordinary and compelling reasons justifying his release based on his exposure to COVID-19 in prison or based on BOP's response to the pandemic at the institutions where Battle was incarcerated, the applicable sentencing factors in 18 U.S.C. § 3553(a)

3

did "not come close to weighing in Battle's favor, and the arguments presented in his reply brief do not change that conclusion. *Id.* at 8–9.

**ACCORDINGLY:**

For the foregoing reasons, Defendant Robert Battle's Motion for Leave to Submit Due to Excusable Neglect [DE 80] is **GRANTED**, and his Motion for Reconsideration Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE 81] is **DENIED**.

**SO ORDERED**.

ENTERED: November 3, 2023.

                                              /s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT