UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:15-CR-124-PPS-JEM |
| ) | |
| ROBERT BATTLE, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Robert Battle is a federal prisoner who seeks compassionate release or a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A)(i). [DE 84]. Mr. Battle entered a plea of guilty to a charge of discharging a firearm during and in relation to a drug trafficking crime causing death, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1) and is serving a sentence of 240 months' imprisonment at FMC Lexington. [DE 38; DE 63.] The online portal of the Federal Bureau of Prisons (www.bop.gov) reflects that Battle's projected release date is December 4, 2032. His Presentence Report adequately sets forth the facts of the case. [DE 50.] To put it concisely, while holding elected office as a Councilman in East Chicago, Battle trafficked large quantities of illegal drugs and killed one of his associates in a violent altercation.

This motion for compassionate release [DE 84] marks the second time that Mr. Battle has asked me for a compassionate release. In a comprehensive opinion and order entered September 14, 2022, I denied a petition for compassionate release or a reduction

of sentence filed by Mr. Battle. [DE 79; *see* DE 69.] The details of Battle's previous petition and the basis for my denial of relief are fully set forth in that opinion and need not be reiterated for present purposes. In sum, I denied Battle relief under 18 U.S.C. § 3582(c)(1) because he failed to identify any extraordinary and compelling reasons warranting his early release based on his exposure to COVID-19 while incarcerated.

In the motion for compassionate release presently before me Battle makes several arguments for his early release. First, Battle argues that he is serving an unusually long sentence and that a change in the law has produced a gross disparity between the sentence he received and the sentence that would likely be imposed today such that his sentence should be reconsidered in line with a recent amendment to U.S.S.G. §1B1.13. [DE 84 at 7]. Second, Battle argues that the §3553(a) sentencing factors support a reduction of his sentence [*Id*. at 11-13]. Finally, Battle argues that the U.S. Supreme Court's decision in *Lora v. United States*, 599 U.S. 453 (2023) supports reducing his sentence. [*Id*. at 9]. As explained below, Battle fails to identify any extraordinary and compelling reasons warranting his early release from prison and his motion is denied.

## Discussion

As a general rule, with few exceptions, I cannot modify a term of imprisonment once it has been imposed. However, 18 U.S.C. §3582(c)(1)(A)(i) allows me to modify a term of imprisonment where I find that there are "extraordinary and compelling" reasons which warrant a reduction in the sentence. *United States v. Sanford*, 986 F.3d 779, 781 (7th Cir. 2021). Congress has directed the Sentencing Commission to "describe what

2

should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994. The Commission has listed those reasons in the United States Sentencing Guidelines. *See* U.S.S.G. §1B1.13. In November 2023 §1B1.13 was amended to include language regarding unusually long sentences. The relevant amended states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. §1B1.13(b)(6).

Battle argues that his sentence of 240 months is an unusually long sentence under U.S.S.G. §1B1.13(b)(6). [DE 84 at 7]. Battle pleaded guilty to one count in violation of 18 U.S.C. §924(j)(1). [*See* DE 38]. I have a substantial amount of discretion in choosing to impose a sentence under 18 U.S.C. §924(j)(1). The statute expressly provides that a person sentenced under subsection (j) may be punished by imprisonment for "*any* term of years." 18 U.S.C. § 924(j)(1) (emphasis added). The United States Supreme Court has also recognized that subsection (j) provides me with considerable latitude when determining an appropriate sentence writing that Subsection (j) "generally eschews mandatory penalties in favor of sentencing flexibility." *Lora v. United States*, 599 U.S. 453, 462 (2023). Battle argues that his sentence of 240 months is an unusually long sentence, but his sentence his in line with and even lower than other sentences handed

out for a murder committed in violation of § 924(j)(1). In *United States v. Dillon*, 720 F. App'x 310 (7th Cir. 2018) the Seventh Circuit upheld a sentence I imposed of 510 months where a defendant committed a murder in violation of § 924(j). "Because § 924(j)(1) authorizes 'any term of years,' a sentence of 510 months is lawful…" *Dillon*, 720 F. App'x at 311 (quoting § 924(j)(1)). *See also*, *United States v. Curtis*, 324 F.3d 501, 509 (7th Cir. 2003) (upholding two separate life sentences for two murders committed in violation of § 924(j)(1)). While the factual background and individual circumstances underlying the sentence in each case are unique, these cases clearly illustrate that a sentence of 240 months is far from an unusually long sentence for a murder committed in violation of §924(j).

In any event, Mr. Battle is ineligible for relief under the new policy statement because he has not yet served at least 10 years of his sentence. U.S.S.G. §1B1.13(b)(6). The amendment states that a defendant must serve at least 10 years of an unusually long sentence before a change in the law related to the defendant's sentence would empower me to modify the sentence. Mr. Battle was arrested in November 2015, and he was sentenced in September 2018. [DE 10; DE 63]. So, at the time of his June 2024 motion for compassionate release, he was more than a year shy of serving 10 years of his sentence. *See*, *United States v. Thomas*, 2024 WL 4345294, at *1 (7th Cir. 2024) (explaining that a defendant is ineligible for relief under U.S.S.G. §1B1.13(b)(6) if the defendant has not yet served 10 years of their sentence).

4

Battle also points to *Lora* as presenting an extraordinary and compelling reason for me to reduce his sentence. [DE 84 at 9]. Battle incorrectly states that he "pled guilty to one count under 18 U.S.C. §924(c) and one count of 18 U.S.C.§924(j) for the killing of Reimundo Camarillo Jr." [*Id*.]. Battle also states that subsection (c) is the lesser included offense of subsection (j) and invokes the double jeopardy clause. [*Id*.] While Battle did technically violate both statues, he only pled guilty to and received a sentence in relation to one count of murder in a violation of §924(c)(1)(A) and §924(j)(1). [DE 38 at 3; DE 5 at 4]. The language of §924(j) makes clear that a violation of §924(j) necessarily includes a violation of §924(c). "A person who, *in the course of a violation of subsection (c)*, causes the death of a person through the use of a firearm, shall…" 18 U.S.C. §924(j) (emphasis added). Considering this language, a person cannot violate §924(j) unless and until they have violated §924(c). The Court in *Lora*, writing unanimously, clarified the role of the citation of §924(c) in §924(j). "[W]hile subsection (j) references subsection (c), that reference is limited to offense elements, not penalties." *Lora*, 599 U.S. at 453. Battle only pled guilty to one count of murder, in violation of §924(c)(1)(A) and §924(j)(1), and thus there is no double jeopardy issue here.

As Battle has failed to provide an extraordinary and compelling reason for compassionate release or a reduction of his sentence, I will refrain from engaging in an unnecessary analysis of the §3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) ("[o]nly after finding an extraordinary and compelling reason for release need the judge…consider any applicable sentencing factors in §3553(a) as part of determining

5

what sentencing reduction to award the prisoner"). But it's enough to say that I remain entirely comfortable with the sentence I imposed given the fact that Battle shot and killed Reimundo Camarillo Jr. in a violent encounter relating to a drug debt. [DE 50 -- PSR at 4-5].

## Conclusion

Battle did not receive an unusually long sentence, has not served 10 years of his sentence, and has not pointed to any change in the law showing that he would receive a vastly different sentence today for a murder committed in violation of §924(j)(1) than he did in 2018. Battle's argument that he has presented an "extraordinary and compelling" reason for a reduced sentence under U.S.S.G. §1B1.13(b)(6) fails three times over. The Supreme Court's statements in *Lora* do not support a finding that there is an "extraordinary and compelling" reason to reduce Battle's sentence or that Battle's plea agreement and subsequent sentencing violate the Fifth Amendment's clause against double jeopardy. Finally, I considered the §3553(a) factors when determining Battle's sentence which I believe is just. Considering that Battle has failed to present an extraordinary and compelling reason to reduce his sentence I will not revisit them here.

ACCORDINGLY:

Defendant Robert Battle's Motion for Compassionate Release/Reduction in Sentence Pursuant to 18 U.S.C. §3582(c)(1)(A)(i) [DE 84] is **DENIED**.

**SO ORDERED**.

ENTERED: October 28, 2024.

                                               /s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT